Estate of Philip S. Reichers, by James E. Bale and Florence Reichers, Executors v. Commissioner.
Estate of Philip S. Reichers v. Commissioner
Docket No. 21037.
United States Tax Court
1950 Tax Ct. Memo LEXIS 196; 9 T.C.M. (CCH) 403; T.C.M. (RIA) 50124; May 24, 1950
John G. Turnbull, Esq., 111 John St., New York 7, N. Y., for the petitioner. John J. Madden, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $2,167.10 in estate tax and a 25 per cent addition under section 3612 (d) (1) for failure to file a return on time. The issues presented for decision are whether the Commissioner erred in holding that (1) the value of the decedent's interest under the will of Philip Steingotter was $115,223.71, (2) the estate was not entitled to deductions *197 for taxes, interest, and a mortgage in excess of the agreed value of the mortgaged property, and (3) the 25 per cent addition for late filing was due. The facts relating to the first two issues have been stipulated and only need be summarized. [The Facts] The decedent died testate on October 12, 1939. His wife and his father-in-law, James E. Bale, became his executors. Philip Steingotter, who died testate in 1932, was the father of Lillian B. Schmiedel, the decedent's mother, who is still living. Steingotter left property in trust for the life of Lillian, to pay 80 per cent of the income to Lillian and 20 per cent to the petitioner, the property to go to the decedent after the death of Lillian. It was held by a court of competent jurisdiction that after the decedent's death, and during the life of his mother, 20 per cent of the income should be paid to the estate of the decedent. [Opinion] The Commissioner valued the decedent's interest in the Steingotter trust at $115,223.71. He arrived at that figure by taking 20 per cent of the agreed value of the entire property at the time of the decedent's death and adding thereto the value of a remainder interest in 80 per cent *198 of the property after the death of the decedent's mother. He reasoned that there was a merger of the life interest and the remainder in the 20 per cent. The petitioner contends that a slightly smaller value should be arrived at by taking the value of a remainder interest in the entire property after the death of the decedent's mother and adding thereto a 20 per cent interest during the life of the mother. The evidence does not show that the Commissioner erred in arriving at the value used in determining the deficiency. The decedent, at the time of his death, owned a piece of property at 36 Nassau Boulevard. The value of that property at the time of his death was $19,800. The estate of Philip Steingotter held a mortgage on the property in the amount of $14,000 on which there was accrued interest in the amount of $5,623.28 at the date of the decedent's death, and taxes and penalties due in the amount of $3,657.26. Deductions for the mortgage, accrued interest, and taxes in the amount of $23,280.54 were claimed on the estate tax return. The Commissioner, in determining the deficiency, disallowed the deductions in excess of $19,800, the value of the property. That action of the Commissioner *199 was erroneous. These were all actual valid claims and, prior to the amendment of section 812 (b) by section 405 (a) of the Revenue Act of 1942, all valid claims were deductible even though the decedent did not own at his death enough property to pay them. Estate of Samuel Hirsch, 14 T.C. 509 (March 30, 1950). That amendment did not apply to decedents, such as Reichers, dying before its enactment. Section 401, Revenue Act of 1942. Furthermore, his estate contained property, in addition to the mortgaged real estate, more than sufficient to pay the claims. It is immaterial that the property was later conveyed by the estate without payment of the claims. The widow and her father were the executors of the decedent's estate. Neither had had any experience as executors. The widow left all matters having to do with the estate to her father. He went to Lebett, a reputable, experienced attorney, and asked him to take care of everything in connection with the estate. Lebett assured him that he would do so. The will was probated, the safe deposit box of the decedent was opened and nothing was found in it. Bale, the father, had been supporting his daughter and her family and knew *200 that the decedent, who was not living with his family, was without funds at the time of his death. He also knew in a general way of the Steingotter trust but did not know that anything should be included in the decedent's gross estate to represent his interest in that trust. Lebett, the attorney, was the sole surviving trustee of the Steingotter trust after the death of the decedent and until his death in January, 1944. He did not indicate to Bale that the decedent's interest in the Steingotter trust was an asset subject to tax as a part of the decedent's estate. The value of the decedent's property, other than the real estate at 36 Nassau Boulevard and his interest in the Steingotter trust, was about $100. Bale first learned after Lebett's death in 1944, that the decedent's interest in the Steingotter trust was taxable to his estate. Lebett's accounts as trustee of the Steingotter trust were in such confusion that it was not until about October, 1945, that a preliminary account of that trust could be prepared. It then took some time to determine what the value of the Steingotter trust was at the date of the decedent's death, although Lebett could have determined that value in time *201 to file a timely return. A Federal estate tax return was filed on January 4, 1946. The accounting of the Steingotter trust referred to above was not approved by the Surrogate until 1947. The estate tax return was filed voluntarily and without any demand on the part of the Bureau of Internal Revenue. It is hereby found from the evidence, including the stipulation and oral testimony, that the failure to file the estate tax return and within the time prescribed by law was due to a reasonable cause not to wilful neglect. Decision will be entered under Rule 50.